UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL STEFANKO,

    Plaintiff,                      Case No.:

v.

CITY OF JACKSONVILLE,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff PAUL STEFANKO, by and through the undersigned attorneys of record, and files this Complaint and Demand for Jury Trial against Defendant CITY OF JACKSONVILLE. In support thereof, Plaintiff states the following:

## NATURE OF THE ACTION

1. This is an action against Defendant City of Jacksonville (hereinafter referred to as "COJ" or the "City") to remedy its violations of the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12111, et seq. (hereinafter the "ADA").

2. This is an action against Defendant COJ to remedy its violations of the Florida Civil Rights Act of 1992, Florida Statutes section 760.01, et seq. (hereinafter the "FCRA").

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(a) and 29 U.S.C. § 2617.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Middle District of Florida, Jacksonville Division, under 28 U.S.C. § 1391(b), as all events pertinent hereto occurred in Jacksonville, Florida.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

6. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (hereinafter the "EEOC") on September 13, 2023.

7. Plaintiff's charge of discrimination was dual filed with the Florida Commission on Human Relations (hereinafter the "FCHR") pursuant to the worksharing agreement between the EEOC and FCHR.

8. On September 12, 2024, the EEOC found reasonable cause to believe COJ violated the Americans with Disabilities Act of 1990, as Amended (hereinafter "ADAAA") by subjecting Plaintiff to unlawful discrimination by failing to provide a reasonable accommodation and attempted conciliation.

9. On November 12, 2024, following the failure of conciliation efforts, the EEOC forwarded Plaintiff's case to the Department of Justice (hereinafter "DOJ") for litigation review.

10. On June 26, 2025, the DOJ notified Plaintiff that it will not file suit on Plaintiff's claims and advised him of his 90-day period within which to file suit on his federal claims.

11. The FCHR failed to make any determination regarding Plaintiff's charge of discrimination within 180 days of the date it was filed.

12. Plaintiff has timely initiated the instant action within ninety days of the DOJ's issuance of a notice of Plaintiff's right to sue.

## THE PARTIES

13. Plaintiff is a natural person who, at all times relevant to the instant action, was an employee of Defendant COJ.

14. Plaintiff is a resident of Fernandina Beach, Florida.

15. Plaintiff is an "employee" as the term is defined by 42 U.S.C. § 12111.

16. Defendant COJ is an "employer" as the term is defined by 42 U.S.C. § 12111.

17. Plaintiff is a "person" as the term is defined by Florida Statutes section 760.02.

18. Defendant COJ is an "employer" as the term is defined by Florida Statutes section 760.02.

19. Defendant COJ is a body politic and municipal entity authorized to conduct business and conducting business in Jacksonville, Florida.

## FACTUAL ALLEGATIONS

20. At all times material to this Complaint, Plaintiff was an employee of COJ's Fire and Rescue Department.

21. With the Fire and Rescue Department, COJ utilizes promotional examinations as a means for employees to promote through the ranks of the department.

22. Promotional examinations are administered every three to three and a half years, and based on the result of the exam, employees are ranked from highest score to lowest score and placed on a list to be promoted when positions become available.

23. Employees are selected for promotion off of the promotion list, with the highest scoring employees being promoted first.

24. Each promotional examination is specific to one position—an employee seeking to promote to lieutenant, like Plaintiff, would take the lieutenant promotional examination, and would be placed on the lieutenant promotion list based on his performance on the promotional exam.

25. The promotion list is active for approximately two years, until the next promotional examination is administered, at which time the list from the prior examination is inactive and replaced by the promotion list based on employees' performance on the most recently administered promotional examination.

26. Throughout his employment with COJ's Fire and Rescue Department, Plaintiff has taken these promotional examinations in order to ascend through the department's ranks.

27. In advance of the promotional exam, promotional candidates are provided voluminous study materials.

28. Historically, sixty days before administration of an exam, promotional candidates are provided with a shorter list of exam materials to study, which correlate with material that will actually appear on the exam.

29. For the first time, in advance of the 2022 promotional exam, COJ provided promotional candidates only thirty days to study the shorter list of exam materials.

30. Plaintiff is a qualified individual with a disability (ADHD), who, in advance of the promotional examination, provided physician-endorsed accommodations to Defendant related to the promotional exam.

31. Plaintiff's physician-endorsed accommodations included the requirement of additional time to study the exam materials.

32. Based on the volume of exam materials released months prior to the exam, it is not feasible for Plaintiff to study the thousands of pages of materials to meaningfully prepare for the exam. Studying the exam materials requires significant amounts of time for Plaintiff to convert the exam materials into an audio format (from their printed form), which, in cases where an audio format is not readily available, requires Plaintiff to scan each individual page of content

using a special printer that converts each page to audio. Taking these steps for even the reduced scope of materials released in the thirty to sixty days in advance of the exam takes upwards of twenty hours. Taking these steps for the full scope of exam materials would take hundreds of hours of time.

33. In light of the significant undertaking and time required to even gain access to the exam materials in a format Plaintiff can use due to his disability, in November 2022, approximately one month before the promotional exam was to be administered, Plaintiff requested an additional thirty days to study for the exam.

34. For each previous occasion on which Plaintiff had taken the promotional examination, he and all promotional candidates were provided sixty days to study for the examination after COJ released the short-list of study materials.

35. COJ denied Plaintiff's request for an additional thirty days to study and required Plaintiff to take the promotional exam thirty days after the short-list of materials was released, despite having previously provided all candidates with sixty days to study for the exam for decades, as well as COJ's continued policy of permitted certain non-disabled individuals more than thirty days to study for the exam following the release of the short-list.

36. Plaintiff was required to take the promotional examination with only thirty days to study the short-list of materials, and based on the poor performance caused by the denial of accommodations, was not promoted.

## COUNT I: DISCRIMINATION IN VIOLATION
## OF THE ADA AGAINST DEFENDANT COJ
## (FAILURE TO ACCOMMODATE)

37. Plaintiff incorporates the allegations made in paragraphs 1, 3-10, and 12-16, and 19-36 as if fully restated herein.

38. Plaintiff suffered from a disability within the meaning of the ADA.

39. Plaintiff is and was a qualified individual capable of performing the essential functions of his job with or without an accommodation.

40. COJ knew about Plaintiff's disability at the time Plaintiff requested an accommodation.

41. Plaintiff requested that he be provided additional study time and/or a later testing date as a reasonable accommodation for his disability.

42. COJ failed to engage in the interactive process with Plaintiff as required by the ADA.

43. COJ's failure to engage in the interactive process with Plaintiff resulted in its failure to provide Plaintiff an appropriate accommodation.

44. COJ disregarded Plaintiff's limitations as identified by a treating physician when it denied Plaintiff's request to take the promotional examination on a later date.

45. COJ's failure to engage in the interactive process with Plaintiff regarding his accommodation request is an illegal act of disability discrimination barred by the ADA.

46. COJ's failure to provide Plaintiff with the necessary accommodation is an illegal act of disability discrimination barred by the ADA.

47. Said acts by COJ, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding back pay, front pay, compensatory damages, pre- and post-judgment interest, damages for emotional distress, attorneys' fees and costs, and any other relief that this Court deems is just and proper.

**COUNT II: DISCRIMINATION IN VIOLATION
OF THE FCRA AGAINST DEFENDANT COJ
(FAILURE TO ACCOMMODATE)**

48. Plaintiff incorporates the allegations made in paragraphs 2-14 and 17-36 as if fully restated herein.

49. Plaintiff suffered from a handicap within the meaning of the FCRA.

50. Plaintiff is and was a qualified individual capable of performing the essential functions of his job with or without an accommodation.

51. COJ knew about Plaintiff's handicap at the time Plaintiff requested an accommodation. Plaintiff requested that he be provided additional study time and/or a later testing date as a reasonable accommodation for his handicap.

52. COJ failed to engage in the interactive process with Plaintiff as required by the FCRA.

53. COJ's failure to engage in the interactive process with Plaintiff resulted in its failure to provide Plaintiff an appropriate accommodation.

54. COJ disregarded the limitations as identified by a treating physician when it denied Plaintiff's request to take the promotional examination on a later date.

55. COJ's refusal to engage in the interactive process with Plaintiff regarding his accommodation request is an illegal act of discrimination barred by the FCRA.

56. COJ's failure to provide Plaintiff with the necessary accommodation is an illegal act of discrimination barred by the FCRA.

57. Said acts by COJ, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding back pay, front pay, compensatory damages, pre- and post- judgment interest, damages for emotional distress, attorneys' fees and costs, and any other relief that this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 23rd day of September 2025.

**DELEGAL POINDEXTER
& UNDERKOFLER P.A.**

*/s/ T,A. Delegal, III*
**T.A. DELEGAL, III**
Fla. Bar No.: 892701
Email: tad@delegal.net
Secondary email: office@delegal.net
**JAMES C. POINDEXTER**
Fla. Bar No.: 0116039
Email: james@delegal.net
**ALEXANDRA E. UNDERKOFLER**
Fla. Bar No.: 1018209
Email: alex@delegal.net
424 E. Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850
*Counsel for Plaintiff*